**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION, HEALTH & WELFARE, ANNUITY, EDUCATION & TRAINING, INDUSTRY ADVANCEMENT, AND LEGAL SERVICES FUNDS by Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs as Trustees and fiduciaries of the Funds, and WESTCHESTER TEAMSTERS LOCAL UNION NO. 456, | **COMPLAINT** |
| Plaintiffs, | Civil Action No. |
| - against – | |
| JFJ FUEL INC. D/B/A JFJ VALLEY OIL<br>707 Nepperhan Avenue<br>Yonkers, New York  10703 | |
| and | |
| JOSEPHINE TOCCO, INDIVIDUALLY<br>707 Nepperhan Avenue<br>Yonkers, New York  10703 | |
| Defendants. | |

---

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

### I.   JURISDICTION AND VENUE

1.   This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ["ERISA"] [29 U.S.C. §§1001 *et seq*.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1145, 1132(g)(2)].

2.      Jurisdiction is conferred on this Court by ERISA Section 502(a), (e), and (g)(2) [29 U.S.C. §1132(a), (e), and (g)(2)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA Section 502(f) [29 U.S.C. §1132(f)].

3.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)]. It is an action brought in the judicial district where the plans are administered and where the ERISA violations took place.

4.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended ["LMRA"] [29 U.S.C. §185(a)]. It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 *et seq.*].

5.      Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

## II. DESCRIPTION OF THE PARTIES

6.      Plaintiffs Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs are Trustees and fiduciaries of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement, and Legal Services Funds ["Funds"] as defined in ERISA Section 3(14)(A) [29 U.S.C. §1002(14)(A)].

7.      The Funds are "employee benefit plans," "multiemployer plans," and/or "industry advancement programs" within the meaning of ERISA Sections 3(3) and (37)(A) [29 U.S.C. §§1002(3), (37)] and LMRA Sections 302(c)(5) and (9) [29 U.S.C. §186(c)(5) and (9)]. The Funds are established through collective bargaining agreements, and they are administered within the Southern District of New York at 160 South Central Avenue, Elmsford, New York 10523 in

Westchester County, New York.

8. The Funds are jointly administered by Boards of Trustees, comprised of an equal number of labor and management representatives in accordance with LMRA Section 302(c)(5) [29 U.S.C. 186(c)(5)].

9. Plaintiff Local 456, International Brotherhood of Teamsters also known as Westchester Teamsters Local Union No. 456 ["Local 456" or "Union"] is an unincorporated association maintaining its principal offices within the Southern District of New York at 160 South Central Avenue, Elmsford, New York 10523 in Westchester County, New York. The Union is a labor organization in an industry effecting commerce within the meaning of the LMRA Section 301(a) [29 U.S.C. §185(a)].

10. Upon information and belief, JFJ Fuel Inc. d/b/a JFJ Valley Oil ["Company"] is a domestic business incorporated under the laws of the State of New York, having its principal place of business and offices located at 707 Nepperhan Avenue, Yonkers, New York 10703.

11. Upon information and belief, Defendant Josephine Tocco is an individual as well as an owner, officer, agent, and/or managing agent of the Company with the business address of 707 Nepperhan Avenue, Yonkers, New York 10703.

12. Defendant Company operates in an industry affecting commerce within the meaning of the LMRA Section 301(a) [29 U.S.C. §185(a)].

13. Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(H) [29 U.S.C. §1002(14)(H)] and act directly as an employer and/or indirectly in the interests of an employer in relation to the Funds, all as defined in ERISA Section 3(5) [29 U.S.C. §1002(5)].

14. To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of an ERISA covered plan, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

## III. FIRST CAUSE OF ACTION

15. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "14" inclusive of this Complaint as if fully set forth herein.

16. ERISA Section 515 [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. At all times relevant herein, Defendant Company is party to one or more collective bargaining agreements with Local 456 ["Agreements"].

18. Pursuant to the Agreements, Defendant Company is bound by the terms and conditions, rules and regulations of the Agreements and Declarations of Trust of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement, and Legal Services Funds together with the Funds' Policy for Collection of Delinquent Contributions ["Trusts" and "Collections Policy"].

19. The Agreements and Trusts obligate Defendant Company to make contributions to multiemployer plans.

20. The Agreements further obligate the Defendant Company to deduct from each of its employees' wages specified amounts and pay these amounts to the Union, representing Union dues deductions and other monies.

21. In addition to the above and pursuant to the Agreements, the Trusts, and the Collections Policy together with ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1145; 1132(g)(2)] and LMRA Section 301 [29 U.S.C. §185(a)], in the event the Defendant Company fails to timely remit contributions and deductions, the Company becomes liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid Funds contributions, at the rate of ten percent (10%) per annum; (2) liquidated damages equal to ten percent (10%) of those delinquent contributions; and (3) the attorneys' fees, audit fees, and the costs of collection.

22. The Agreements and Trusts obligate the Defendant Company to remit the contributions by the first (1st) day of the month following the month during which the hours were worked by employees.

23. At all times relevant to this Complaint, and based on Defendant Josephine Tocco's ownership, management, and control over Defendant Company as well as the other factors established by applicable law, Defendant Company is bound to the Agreements, Trusts, and Collections Policies and is liable for the amounts owed as described in this Complaint.

24. Upon information and belief, Defendant Company is owned and operated by Defendant Josephine Tocco from the facility located at 707 Nepperhan Avenue, Yonkers, New York 10703.

25. Based on Shop Steward Reports and estimates of hours worked in covered employment, the Defendant Company owes $122,025.95 in fringe benefit contributions and deductions for hours worked by the Defendant's employees during the period March 1, 2019 through June 30, 2019.

26. The Defendant Company has failed and refused, and continues to fail and refuse,

to pay the contributions and deductions due for the period March 1, 2019 through June 30, 2019, plus the applicable interest, liquidated damages, attorneys' fees, audit fees, and costs.

27. The Defendant Company, therefore, owes $122,025.95 in fringe benefit contributions and deductions for hours worked by the Defendant's employees for the period March 1, 2019 through June 30, 2019, plus interest, liquidated damages, attorneys' fees, audit fees, and costs at the rates set forth in the Collections Policy.

## IV. SECOND CAUSE OF ACTION

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "27" inclusive of this Complaint as if set forth fully at this point.

29. During the period January 1, 2010 through February 28, 2019, Defendants untimely remitted $1,834,360.67 to the Plaintiffs related to hours worked in covered employment by its employees pursuant to the Agreement.

30. As a result of the Defendants' untimely remittance of $1,834,360.67, the Defendants owe interest and liquidated damages at the rates set forth herein.

31. Defendants, therefore, owe $6,252.66 in interest and $183,436.06 in liquidated damages related to work in covered employment during the period January 1, 2010 through February 28, 2019 together with the costs and fees of collection.

32. Based on the failure to follow the Collections Policy, the Defendant Company owes $6,252.66 in interest on the late paid contributions and $183,436.06 in liquidated damages related to the late paid contributions, plus the costs and fees of collection as set forth in the Collections Policy.

## V. THIRD CAUSE OF ACTION

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "32" of this Complaint as if fully set forth herein.

34. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" [29 U.S.C. §1104(a)(1)(A)].

35. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

36. The Trusts provide in pertinent part that title to all monies paid into and/or due and owing to the Funds vested in and remains exclusively in the Trustees of the Funds, so outstanding and withheld contributions constitute plan assets.

37. As a result of the work performed by Defendants under the Agreements, Defendants, upon information and belief, received substantial sums of money related to construction projects intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

38. Defendants were fiduciaries with respect to the plan assets that they failed to timely remit to the Funds.

39. Upon information and belief, Defendant Josephine Tocco owned, controlled, and dominated the affairs of Defendant Company, she purportedly acted on behalf of and in the interest of the Company, and she carried on the business of the Defendant Company for her own personal ends.

40. Upon information and belief, Defendant Josephine Tocco withheld, permitted the withholding of, or authorized the withholding of contributions to the Funds, and Defendant

Josephine Tocco dealt with plan assets for her own personal use and benefit although the plan assets rightfully belonged to the Funds.

41.  Upon information and belief, Defendant Josephine Tocco had managerial discretion and control over Defendant Company, made all decisions on behalf of the Defendant Company, signed contracts governing the Defendant Company, acted on behalf of and in the interest of Defendant Company, and made all decisions concerning payments by the Defendant Company.

42.  Upon information and belief, Defendant Josephine Tocco determined which creditors Defendant Company would pay, determined when the Defendant Company would pay the Funds, determined how much money would be paid to the Funds, determined which employees of the Defendant Company would be reported to the Funds, and exercised control over money due and owing to the Funds.

43.  Upon information and belief, Defendant Josephine Tocco commingled or permitted the commingling of assets of the Funds with the Defendant Company's general assets and used the Funds' assets to pay other creditors of Defendant Company rather than forwarding the assets to the Funds.

44.  Upon information and belief, while retaining Plaintiffs' contributions, Defendant Josephine Tocco transferred, applied, or diverted, or permitted the transfer, application, use, or diversion of, the Funds' assets for purposes other than the Funds without first making payment to Funds.

45.  The transfer of the assets to persons other than the Funds described in this Complaint occurred, and/or the use of the assets for purposes other than those permitted by the Plaintiff Funds occurred, with the knowledge and/or at the direction of, Defendant Josephine

Tocco.

46. By withholding the contributions from one or more of the Funds, Defendant Josephine Tocco received and retained for her own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A) [29 U.S.C. §1104(a)(1)(A)].

47. By withholding the contributions from one or more of the Funds, Defendant Josephine Tocco failed to abide by the documents and instruments governing the Funds in violation of ERISA Section 404(a)(1)(D) [29 U.S.C. §1104(a)(1)(D)].

48. To the extent Defendant Josephine Tocco acting in her capacity as corporate officer, director, and/or shareholder, abused her position as fiduciary by permitting, directing, or instigating this transfer, application, or diversion in a manner contrary to her fiduciary obligations and her actions are a breach of trust under ERISA, 29 U.S.C. §§1104, 1106, and 1109.

49. By reason of the wrongful diversion and/or conversion of the Funds' assets, the Funds have not been paid monies rightfully due to them.

50. As a result of the breaches of fiduciary duty described above, Defendant Josephine Tocco is liable to the Funds (i) for the fringe benefit contributions due and owing to the Funds; plus (ii) for the interest at the consolidated rate of return of the Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore Funds any profits that Defendants made through use and retention of the assets of these Funds.

## VI. FOURTH CAUSE OF ACTION

51. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "50" inclusive of this Complaint as if fully set forth herein.

52. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to

permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)]. Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

53. At all times relevant herein, Defendants were parties in interest with respect to the Funds because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C), and (E)].

54. To the extent that Defendant Josephine Tocco has withheld, permitted the withholding of, or authorized the withholding of the contributions from one or more of the Funds, Defendant Josephine Tocco has dealt with the plan assets in her own interest and/or exchanged property or extended credit from plan assets for her own personal use and benefit in violation of ERISA Section 406 [29 U.S.C. §1106], and she has received and retained from the Funds for, upon information and belief, her own personal use and benefit, monies which are rightfully assets of the Funds.

55. To the extent that Defendant Josephine Tocco has withheld, received, and retained the contributions, or allowed the withholding and retention of contributions, Defendant Josephine Tocco, as a party in interest, has impermissibly used the assets of one or more of the Funds in contravention of ERISA Section 406 [29 U.S.C. §1106], the interests of the Funds and the interests of the Funds' fiduciaries, participants, and beneficiaries.

56. As a result of the breaches of fiduciary duty described above, Defendant Josephine Tocco is liable to the Funds (i) for the fringe benefit contributions due and owing to the Funds; plus (ii) for the interest at the consolidated rate of return of the Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore Funds any profits that Defendants

made through use and retention of the assets of these Funds.

## VII. FIFTH CAUSE OF ACTION

57. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "56" inclusive of this Complaint as if set forth fully herein.

58. If this Court does not enjoin Defendants from further violations of ERISA, LMRA, the Agreements, Trusts, and Collections Policy, the Funds will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

59. Defendants have failed to comply with their obligations to the Plaintiff Funds, despite due demand for compliance, and unless this Court enjoins Defendants from violating ERISA, LMRA, the Agreements, Trusts, and Collections Policy, Defendants will continue to fail to timely remit contributions, deductions, and monthly remittance reports described above, causing Plaintiff Funds and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds and endangering the payment of promised benefits from the Funds to qualified beneficiaries.

60. Defendants' failure to comply with its obligations to the Funds has reduced the corpus and income of the Funds thereby jeopardizing the stability and soundness of the Funds as well as the ability to pay benefits.

61. Defendants' failure to comply with their obligations to the Funds may cause sufficient instability to the Funds' financial affairs such that participant benefits may be reduced or terminated.

62. Because Defendants continue to fail to comply with their obligations to the Funds, new delinquencies are now being created monthly, again depriving the Funds of adequate monies

to pay promised benefits which in turn could cause the foregoing irreparable harm to be intensified in magnitude.

63. Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

64. Unless this Court enjoins Defendants from breaching ERISA, LMRA, the Agreements, Trusts, and Collections Policy and unless Defendants are compelled to remit all monies and reports that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Funds, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon Defendants by granting such relief.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A. On Plaintiffs' First Cause of Action, judgment against the Defendant Company for $122,025.95 in fringe benefit contributions and deductions for hours worked by the Defendants' employees for the period March 1, 2019 through June 30, 2019, plus interest, liquidated damages, attorneys' fees, audit fees, and costs at the rates set forth in the Collections Policy.

B. On Plaintiffs' Second Cause of Action, judgment against Defendant Company for $6,252.66 in interest on the late paid contributions and $183,436.06 in liquidated damages related to the late paid contributions, plus the costs and fees of collection as set forth in the Collections Policy.

C. On Plaintiffs' Third and Fourth Causes of Action, judgment against Defendant Josephine Tocco (i) for the fringe benefit contributions due and owing to the Funds; plus (ii) for the interest at the consolidated rate of return of the Funds' investments; plus (iii) for the attorneys'

fees and costs of collection; and (iv) to restore to the Funds any profits that Defendants made through use and retention of the assets of these Funds.

    D.    On Plaintiffs' Fifth Cause of Action, judgment against the Defendants as follows:

        1.    Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest and liquidated damages as set forth herein;

        2.    A permanent injunction preventing and restraining the Defendants from breaching the Agreements and Declarations of Trust, and the collective bargaining agreement by which they are bound; and

        3.    A permanent injunction directing the Defendants to perform and continue to perform their obligations to the Plaintiffs, specifically, directing them to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendants' expense, access to the books and records for an audit and examination relating to the employment of its employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

    E.    Such further relief as the Court deems just and appropriate.

DATED: August 5, 2019

**BLITMAN & KING LLP**

By: *[signature]*

Daniel Kornfeld, of counsel
Attorneys for Plaintiffs
Office and Post Office Address
One Penn Plaza, Suite 2601
New York, NY 10119-2699
Telephone: (212) 643-2672
Facsimile: (315) 471-2623
e-mail: dekornfeld@bklawyers.com